NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 13-1553

_____

DARDAN THAQI,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(District Court No.:  A089-252-399)
Immigration Judge:  Honorable Alberto Riefkohl

_____

Submitted under Third Circuit LAR 34.1(a)
January 20, 2015

Before:  RENDELL, SMITH and KRAUSE, Circuit Judges

(Opinion filed:  February 5, 2015)

**RENDELL**, <u>Circuit Judge</u>:

Petitioner Dardan Thaqi appeals from the Board of Immigration Appeals' ("BIA")

decision to affirm the Immigration Judge's ("IJ") denial of his applications for asylum,

withholding of removal, and protection under Article 3 of the Convention Against

Torture ("CAT").

Petitioner is an ethnic Albanian and citizen of Kosovo who argues that he suffered

persecution in his home country. He was a member of the Youth Forum of the

Democratic League of Kosovo ("LDK"), and worked as a volunteer for the LDK during

the elections of 2001, 2002 and 2004. Petitioner testified that in addition to the LDK,

there were other political parties in Kosovo, including the Democratic Party of Kosovo

("PDK"). Petitioner testified that he believed the PDK was cooperating with the

Albanian National Army, also known as "Armata Kombëtare Shqiptare" ("AKSh").

Petitioner alleged that while he was in Kosovo, he received a series of threatening phone

calls due to his membership and involvement in the LDK from a member of AKSh. The

caller told him that if he did not leave the LDK and join the AKSh, he would be "beaten"

and "killed." Petitioner then discontinued his activities with the LDK because he feared

he would be killed. Petitioner testified that he knew the AKSh was trying to recruit

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

young men, and that he knew many other young men who had received similar telephone calls and been killed for refusing to join the group.

One night, Petitioner was grabbed and hit on the back of the head outside of his home by masked men who warned Petitioner that they would kill him if they ever saw him again. The men did not indicate that they were beating him because of his refusal to join the AKSh, or because of his membership in the LDK, but Petitioner testified that he was certain this was the reason for his beating. Petitioner lost consciousness after the attack and woke up in a doctor's office where he was treated for his injuries.

The IJ denied Petitioner's application for asylum, withholding of removal and protection under the CAT. The IJ determined that Petitioner had failed to demonstrate past persecution, as threats alone do not constitute persecution, and "random beatings that do not result in serious injury do not rise to the level of persecution." A.R. 71. The IJ also determined that Petitioner had not demonstrated a well-founded fear of future persecution. While Petitioner had a subjective fear of persecution, the IJ reasoned, it was not an objectively reasonable one, as Petitioner had not provided reliable evidence that AKSh members were still looking for him. The IJ also noted that Petitioner's family members continued to reside unharmed in Kosovo since his departure, particularly his younger brother, who was of prime recruiting age for the AKSh. The IJ also noted that the 2009 U.S. State Department Report on Kosovo did not mention the AKSh, let alone any continued violence perpetrated by the group.

Petitioner appealed the IJ's decision to the BIA, who dismissed his appeal and affirmed the IJ's conclusions. The BIA found no reason to disturb the IJ's conclusion

3

that the threats and beatings Petitioner experienced did not rise to the level of persecution. The BIA reviewed the record and determined, based on the evidence Petitioner presented about the civil unrest in Kosovo, that the evidence did not compel a conclusion contrary to the IJ's determination that it did not support a finding of a well-founded fear of persecution. The BIA concluded that since Petitioner had not met eligibility for asylum, he necessarily failed to meet the more exacting standards for withholding of removal and protection under the CAT.

To demonstrate eligibility for asylum, an alien must show either that 1) he suffered past persecution on account of a protected ground: that is, race, religion, nationality, political opinion, or membership in a particular social group, or 2) he has a well-founded fear of future persecution on account of a protected ground. 8 U.S.C. § 1101(a)(42)(A), § 1158(b)(1). An alien who establishes that he has suffered past persecution is entitled to a rebuttable presumption of a well-founded fear of future persecution, unless the Department of Homeland Security ("DHS") rebuts that presumption. 8 C.F.R. § 1208.13(b)(1)(i). To establish eligibility based on a well-founded fear of future persecution, the alien must demonstrate that he is more likely than not to be persecuted on account of a political ground if removed to his home country. 8 C.F.R. § 1208.13(b)(1). That is, he must show that he has both a subjective fear of persecution, and that such fear is supported by objective evidence that persecution is a reasonable possibility. *Chang v. INS*, 119 F.3d 1055, 1066 (3d Cir. 1997).

Where an IJ's "discussion and determinations are affirmed and partially reiterated in the BIA's decision, we review them along with the BIA decision." *Sandie v. Att'y*

4

*Gen.*, 562 F.3d 246, 250 (3d Cir. 2009). The BIA's determination regarding a well-founded fear of persecution must be upheld unless "the evidence not only supports a contrary conclusion, but compels it." *Kibinda v. Att'y Gen.*, 447 F.3d 113, 119 (3d Cir. 2007).

There is nothing in the record here that compels a conclusion contrary to what the IJ and BIA decided. "Persecution 'is an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Jarbough v. Att'y Gen.*, 483 F.3d 184, 191 (3d Cir. 2007) (quoting *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir. 1993)). While the term "persecution" can include threats to life, *Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir. 2003), Thaqi's few threatening phone calls and one beating do not compel a conclusion contrary to what the IJ and BIA determined – that these incidents are not severe or egregious enough to rise to the level of persecution. In *Jarbough*, this Court found no past persecution where an alien alleged he had been detained twice, punched, kicked, shoved, pushed and threatened with wires and electrical cables. 483 F.3d at 191. The alien did not seek medical attention. *Id.* In contrast, we found in *Voci v. Gonzales* that an alien who had suffered multiple beatings from police, one of which resulted in a broken knee and extended hospitalization, constituted persecution. 409 F.3d 607, 615 (3d Cir. 2005).

Additionally, Petitioner has not demonstrated that it is more likely than not that he would be persecuted on account of a protected ground if removed to Kosovo. As the IJ concluded, Petitioner did not provide any evidence that members of the AKSh were looking for him. Petitioner testified that his family members, who were still residing in

5

Kosovo, had not received any threats about him since his departure. Additionally, none of his family's affidavits in support of his application indicated that his younger brothers, who were of recruitment age, had been either approached or threatened by the AKSh. Additionally, Petitioner did not provide evidence that his father, who was a member of the LDK, had experienced any threats from the AKSh. In *Lie v. Ashcroft* we concluded that when family members remain in a petitioner's native country without suffering harm, and there is no individualized showing that the petitioner would be singled out for persecution, the objective reasonableness of a petitioner's fear of future persecution is diminished. 396 F.3d 530, 537 (3d Cir. 2005).

Petitioner also contends that the BIA erred in giving no indication that it considered the report of an expert, Bernd Fischer, whose affidavit Petitioner produced, in making its determination that Petitioner had not demonstrated a well-founded fear of future persecution. Although the BIA did not specifically discuss Fischer's affidavit, the IJ considered it, and the BIA is "not required to write an exegesis on every contention, but only to show that it has reviewed the record and grasped the movant's claims." *Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002). Furthermore, the background materials that Petitioner submitted do not compel the conclusion that he has a well-founded fear of future persecution if removed to Kosovo. As the IJ noted, the evidence revealed that the LDK and PDK, while rivals, have been governing together in a coalition government. Petitioner also failed to provide any evidence that his political rivals in the PDK were sponsoring the AKSh, or pursuing their political agenda through coercive means.

6

For the reasons articulated above, we affirm the BIA's conclusion that Petitioner has not met his burden of demonstrating that he suffered past persecution or that he has a well-founded fear of future persecution.  As the standard for withholding of removal is higher than that for asylum, Petitioner necessarily falls short in satisfying his burden for withholding of removal.  Additionally, as the IJ and BIA concluded, Petitioner has not established that it is more likely than not that he would be tortured if returned to Kosovo, and therefore, he does not qualify for protection under CAT.